IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARWIN CRISP, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No. CIV-12-0181-HE |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| Oklahoma Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Petitioner Darwin Crisp, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] Presently at issue is respondent's motion to dismiss the petition on the basis that it is time-barred by the statute of limitations. Consistent with 28 U.S.C. § 363(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell. Judge Purcell has recommended that the petition be dismissed as time-barred. The court agrees.

Mr. Crisp's conviction became final on November 20, 2003. He did not file the present habeas petition until February 17, 2012. As there does not appear to be any basis to toll the one-year statute of limitations, his petition is time-barred by 28 U.S.C. § 2244(d)(1).

In his objection to the report and recommendation, petitioner argues that "[t]here should never be a time-bar on a Petitioner's pleading that clearly demonstrates a violation of the defendant/petitioner's constitutional rights and/or a manifest error in the judicial

---

[1] Mr. Crisp's petition seeks habeas relief on the basis that he was allegedly deprived of his right to a speedy trial.

proceedings or law." Objection [Doc. #14]. This argument is unavailing. *See* Miller v. Marr, 141 F.3d 976, 977-78 (10th Cir. 1998) (holding the statute of limitations contained in § 2244(d)(1) does not violate the Suspension Clause); *see also* Dogan v. Roe, 8 Fed. Appx. 612, 613 (9th Cir. 2001) (unpublished opinion) (holding the statute of limitations does not violation due process). Accordingly, the magistrate judge's report and recommendation [Doc. #13] is **ADOPTED** and respondent's motion to dismiss [Doc. #9] is **GRANTED**. The petition is therefore **DISMISSED**.

Having dismissed his petition, the court is required to either issue or deny petitioner a certificate of appealability ("COA"). Rules Governing § 2254 Cases, Rule 11(a). "When the district court denies a habeas petition on procedural grounds, a COA should issue only when the prisoner shows that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Sigala v. Bravo, 656 F.3d 1125, 1126 (10th Cir. 2011) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). As no reasonable jurist could find it debatable that Mr. Crip's petition is time-barred, the court denies petitioner a COA. A separate judgment will be entered contemporaneously with this order. *See* Fed. R. Civ. P. 58(a).

**IT IS SO ORDERED**.

Dated this 21st day of June, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE